**CHARED CORPORATION, Transferee of the British-American Oil Products Company, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 28951.**

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1972.

J. W. Bullion, Buford P. Berry, Dallas, Tex., for plaintiff-appellant.

Eldon B. Mahon, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Stanley F. Krysa, Trial Atty., Dept. of Justice, Washington, D. C., John O. Jones, Tax Atty., U. S. Dept. of Justice, Fort Worth, Tex., Ann E. Belanger, Lee A. Jackson, Attys., Washington, D. C., for defendant-appellee.

ON PETITION FOR REHEARING
OF 446 F.2d 745.

Before JONES, BELL and THORN-BERRY, Circuit Judges.

PER CURIAM:

By its petition for rehearing the appellant, Chared Corporation, has asked that the deficiency tax assessment be recomputed and be reduced by excluding from the taxable income upon which the deficiency was based specified sums paid as interest by the parent company to the subsidiary and returned, for the most part, to the parent company as "loans." The contention of the taxpayer is correct. Neither parent nor subsidiary was any better or worse after the payment and repayment than before except for the slight difference between the one and the other.

The Government does not concede that the so-called "loans" made from the so-called "interest" payments should be excluded from taxable dividends in the computation of the deficiency. The Government contends, however, that if the taxpayer's position with respect to the so-called interest payments is correct, then there should be included in the taxable income, as dividends, the amount of payments made by the parent to the subsidiary in satisfaction of some of the loans, so-called. This contention was not raised ·in the district court, but the Government says that the reduction may be effected as a set-off and as such can be raised for the first time on appeal. While it is doubtful that the doctrine of set-off is

applicable, the question raised may nevertheless be considered even though raised for the first time on appeal. This Court has said:

> "Since these are legal theories that can be fairly disposed of on the record before us, we do not consider that we should refuse to consider them merely because they were not urged in the Tax Court." Jack Ammann Photogrammetric Engineers v. Commissioner of Internal Revenue, 5th Cir. 1956, 341 F.2d 466.

This doctrine was established by the Supreme Court in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.

We have considered the Government's contention regarding the return by the subsidiary to the parent of moneys received as payment of so-called loans and conclude that these transactions are not relevant to a determination of the tax liability. Neither the subsidiary nor the parent were any the better or worse after the exchange of funds than they were before. There should be a redetermination of the tax liability without including as taxable dividends the amount of the so-called loans made from the so-called interest payments.

■■ The taxpayer urges that this Court should consider de novo the entire case and make its determination of any fact issues presented by the case. We adhere to the views as to this contention which are expressed in our original opinion in this appeal. The appellant also urges, as it urged when the appeal was first considered, that the district court erroneously held that a subsidiary cannot make a bona fide loan to a parent corporation. The district court's opinion should not be so construed.

The petition for rehearing is granted, the judgment of the district court is vacated and the cause is remanded for a redetermination of the tax in accordance with this opinion and the entry of a judgment giving effect to such tax redetermination. Rehearing granted, judgment vacated and remanded.